LABARGA, J.,
concurring.
I concur with the majority’s decision to affirm Robards’ convictions and sentences. I write, however, to address my concern about the trial court’s role in the State’s amendment of its notice of aggravating circumstances. Initially, the State’s notice included three proposed aggravating circumstances. While considering the proposed aggravators during a pretrial hearing, however, the trial court made the following observation:
Okay. All right. And then the only other question that I had — I really don’t want to give the State or defense or anyone any additional ideas. But after I went through the affidavit and the case law on that I thought that another prior aggravating factor may be previous conviction of capital or violent felony because of the alleged contemporaneous murder of the other person. Are you going to be asking for that or not?
Three days later, the State filed a second notice which added, as suggested by the trial court, the prior conviction of a capital felony or felony involving use of threat of violence as a fourth aggravating circumstance.
It is essential that trial judges remain wholly impartial throughout the duration of a criminal proceeding. In few contexts could this be more important than in the course of a death penalty ease while the state is in the process of determining which aggravating circumstances it will pursue as justification for the application of the death penalty. Here, while it is a fair conclusion that Robards could not have been unfairly surprised by the State’s pursuit of an aggravating circumstance that essentially amounted to whether he murdered each of the victims, it is patently clear from the transcript that the trial court was keenly aware of the tenuous propriety of its suggestion. Although Ro-bards cannot demonstrate that he was prejudiced by the State’s amended notice, one can envision circumstances where such action could alter the trajectory of a penalty phase and sentencing. Moreover, the importance of the appearance of an impartial judiciary and its role in public confidence should not be ignored. In fact, the Florida Code of Judicial Conduct requires judges to “act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.” Fla. Code of Jud. Conduct, Canon 2A.
Overall, the trial court is to be commended for its handling of this trial, which demonstrated respect for the parties and for counsel. Indeed, the civility demonstrated in the interactions between the court and others is refreshing. I write only to strongly suggest that our judicial system works best when judges and lawyers remain within their proper roles.
PARIENTE, QUINCE, and PERRY, JJ., concur.